UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRUCE ANTHONY McPHERSON,<br><br>Plaintiff,<br><br>v.<br><br>ROYAL FAMILY OF ENGLAND, et al.,<br><br>Defendants. | Case No.: 1:26-cv-03466-EGC (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS THIS ACTION AS FRIVOLOUS**<br><br>14-day Objection Deadline<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Michael Bruce Anthony McPherson is appearing pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     INTRODUCTION**

Plaintiff initiated this action by filing a complaint and an application to proceed *in forma pauperis* on May 5, 2026. (Docs. 1 & 2.)

Following a review of the complaint, the undersigned will recommend this action be dismissed as frivolous.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.     PLEADING REQUIREMENTS

#### A.  Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id*. (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

2

sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B.  Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a "plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *see Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation" (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71, 375-77 (1976)). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### IV.   DISCUSSION

### A.  Plaintiff's Complaint

Plaintiff names the Royal Family of England as the sole defendant in this action. (Doc. 1 at 1-2.) He asserts a single claim for relief and identifies his constitutional or other federal right violated as "Unlawful use of status with identity" and the issue involved as "Property." (*Id*. at 5.) By way of relief, he states: "Plaintiff calls upon the equitable powers of this court to issue a writ of assistance, without bond, forthwith restoring possession of the manor and lands to Plaintiff and an order terminating Defendants occupancy, following a discharge from custody (SATF)." (*Id*. at 8.) Accompanying the form complaint is a copy of the Judgment in a Civil Case in *McPherson v. Royal Family of England*, case number 1:26-cv-00708-KES-EPG. (*Id*. at 3-4.)

## B. Plaintiff's Claim for Relief

The entirety of Plaintiff's claim reads as follows:

> On 04/06/2026, at Federal Court of Eastern District in an action then pending in the United States District Court between (Michael Bruce Anthony McPherson) and (Royal Family of England), who are the Defendant/Plaintiff and Plaintiff/Defendant respectively in this action, and on the same claim/cause of action as that set forth in the complaint, final judgment was given and made (declaring Plaintiff's family, in fact, the original Royal Family of England and Plaintiff the original Afrakan Keng and Gad, in support of equitable and declaratory relief), on the merits of the case, the claim/cause of action set forth in Plaintiff's complaint is barred by the judgment, which is in full force and effect.

(*See* Doc. 1 at 5.) Plaintiff asserts the following injury: "I just need what is found that was lost." (*Id.*)

## C. Analysis

A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Neitzke,* 490 U.S. at 325, 328 (finding claims may be dismissed as "frivolous" where the allegations are "fanciful" or "describe[e] fantastic or delusional scenarios"). "The Court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, No. 2:21-cv-0997-CKD P, 2021 WL 3602139, at *1 (E.D. Cal. Aug. 13, 2021) (citing *Neitzke*, 490 U.S. at 327).

A review of Plaintiff's complaint establishes that it is frivolous because the facts alleged are irrational and wholly incredible. *Denton*, 504 U.S. at 32-33. First, despite Plaintiff's assertion otherwise, the judgment entered on April 6, 2026, in *McPherson v. Royal Family of England*, case number 1:26-cv-00708-KES-EPG, did not declare Plaintiff or his family to be the "original Royal Family of England" nor did it award him any relief at all. Rather, a review of the docket for that action reveals the action was dismissed, with prejudice, as frivolous. (*See* 26-cv-708 docket; Doc. 12.) Therefore, the case was closed and judgment was entered accordingly. (26-cv-708 docket; Doc. 13.) Moreover, for that same reason, the complaint is based on an indisputably meritless theory. *Howell*, 2021 WL 3602139, at *1.

4

Simply put, Plaintiff's complaint is frivolous. *Denton*, 504 U.S. at 32-33; *Neitzke,* 490 U.S. at 325, 328; *Howell,* 2021 WL 3602139, at \*1. And because Plaintiff's complaint is frivolous, granting Plaintiff leave to amend his complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend").

Therefore, the undersigned will recommend this action be dismissed.

### V.    ORDER AND RECOMMENDATION

Accordingly, the Court directs the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, the Court **HEREBY RECOMMENDS** Plaintiff's action be dismissed, with prejudice, as frivolous and that the case be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:    **May 7, 2026**

_____
UNITED STATES MAGISTRATE JUDGE